Dear Mr. Mayer:
We are in receipt of your request for an opinion with respect to anonymous reports of child abuse or neglect. You indicate the Department of Social Services decided to discontinue investigating reports made anonymously, finding legal justification in the Children's Code and for the practical reason of insufficient funds. The decision not to investigate anonymous reports was reversed due to certain public opinion. Because of the division in public opinion as to the need to investigate anonymous reports, you seek an opinion so that each side could then request legislation to clarify, solidify or change the current law.
Thus, you ask if anonymous reports of child abuse/neglect where the reporter refuses to give his name and address is sufficient under the law to require investigation by the Department of Social Services.
You indicate the withdrawal from investigating anonymous reports was based upon Louisiana Children's Code, Article 610(B) which says the report "shall" contain the name and address of the reporter. Also, the provision in Article 609 prohibiting false reporting, and Article 612(B) requiring reporters to cooperate with investigative procedures, mandates against anonymity.
While Article 610(B) states, as you indicate, that the report "shall contain the following information", which includes "the name and address of the reporter", we note that it is further provided that the listed information be included in the report "if known". Obviously, a reporter must know his own name and address, but does not wish to disclose this. The question, then, is whether this omission means the report may be ignored.
We find in Article 612 that it is provided "upon receiving a report of abuse or neglect of a child who is not in the custody of the state, the local child protection unit of the department shall promptly make an investigation in order to ascertain whether such abuse or neglect has occurred." (Emphasis added.)
We do not find the department has discretion under this article, even where the report may be considered incomplete by the omission of the reporters name and address. We reach this conclusion because of the recognition that there may be other omissions in reports because of lack of knowledge of some of the requested information. It would appear inconsistent to conclude a report "shall" be investigated where certain required information is "not known", but can be disregarded simply because the reporter is anonymous. We cannot believe that is the intent of the legislature.
We recognize by Act 705 of 1992 that Article 612 of the Children's Code has been amended as follows:
 G. The Department of Social Services shall set priorities for case response and allocate staff resources to cases identified by reporters as presenting immediate substantial risk of harm to children. Absent evidence of willful or intentional misconduct or gross negligence in carrying out the investigative functions of the state child protection program, caseworkers, supervisors, program managers, and agency heads shall be immune from civil and criminal liability in any legal action arising from the department's decisions made relative to the setting of priorities for cases and targeting of staff resources.
We do not find that this amendment frees the Department from investigation of reports that are made anonymously. This amendment allows the Department to set priorities for case response "to cases identified by reporters as presenting immediate substantial risk of harm to children". Thus, the determining factor in allocating priorities is not who is the reporter, but those cases presenting immediate risk.
We realize it would be most difficult to proceed under the law that provides for criminal prosecution of those filing of a report known to be false if the reporter is anonymous. However, the primary interest is protection of the child, and as we understand the law as written, an anonymous report cannot be ignored. It may be proven false and there could likely be no recourse against the reporter, but it may be quite valid. An investigation is required to make this determination.
You refer to an Alabama case as supporting the possible challenge to an investigation where there was an anonymous reporter on the grounds of invasion of privacy. That case, H.R. v. State Department of Human Resources, 1992 W.L. 206257, (not yet reported), is clearly distinguishable.
Therein the social worker, based on two anonymous calls, went to the home where the mother refused her request to inspect the home and speak to the children. The social worker, without more, filed a petition with the court alleging abuse and neglect. The law provides "upon cause shown" the court could order investigation of the home and interview of the children. The sole question was if there was sufficient cause for an order allowing the department to enter the home and interview the child. The mother's allegation that entry into the home on an anonymous call was without probable cause in violation of her fourth amendment rights was upheld.
Clearly, the requirement that the department "shall promptly make an investigation" upon an anonymous call does not fall within the purview of this case. The case certainly sets forth precautions to be aware of under Article 613 when there is an anonymous reporter, but does not stand for the proposition that an investigation cannot commence if there is an anonymous reporter. It simply means under Article 613 an anonymous reporter will not constitute "reasonable suspicion" for a court order of entry.
We, therefore, conclude an anonymous report should be investigated.
We hope this sufficiently answers your question, but if we can be of further assistance, please do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 BY: BARBARA B. RUTLEDGE Assistant Attorney General
BBR/0421f